CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 15, 2026

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ANTHONY FARMER,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:25-cv-00189** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **JOHNSON, et al.,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

Anthony Farmer, an inmate proceeding <u>pro se</u>, filed this civil action under 42 U.S.C. § 1983 against officials at the Roanoke City Adult Detention Center. The case is presently before the court for review under 28 U.S.C. § 1915A(a). For the following reasons, the complaint is **DISMISSED** without prejudice.

### I.    Background

According to the complaint, Officers Johnson and Vambak conducted a headcount during the evening hours of February 7, 2025, during which they discovered a "flood" that required cleaning supplies. Compl., ECF No. 1, at 2. At some point thereafter, Officers Vambak and Holmes released Farmer and other inmates from their cells for "pod rec." <u>Id.</u> When Farmer exited his cell, he slipped and fell, and paramedics were called to take him to the hospital. <u>Id.</u> Farmer alleges that "no wet floor signs were placed . . . in the pod" and that Sheriff Antonio Hash "failed to properly train the jail deputies." <u>Id.</u>

### II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from an employee or agent of a governmental entity. 28 U.S.C. § 1915A(a). The court

must "dismiss a complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "[D]istrict courts are not the legal advocates of pro se litigants," Jackson v. Dameron, 171 F.4th 641, 650 (4th Cir. 2026), and a complaint filed without counsel "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

### III.   Discussion

Farmer filed suit under 42 U.S.C. § 1983, which imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation

was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The court liberally construes the complaint as attempting to assert a claim of deliberate indifference to inmate health or safety. The standard that applies to such claim depends on whether Farmer was a convicted inmate or a pretrial detainee at the time of the incident at issue. The Eighth Amendment protects convicted inmates from cruel and unusual punishment and imposes an affirmative obligation on correctional officials to provide humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Like any other Eighth Amendment claim, an Eighth Amendment conditions of confinement claim has (1) objective and (2) subjective components." Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019) (internal quotation marks omitted). To satisfy the objective component, an inmate must "demonstrate that the deprivation alleged [was] objectively sufficiently serious." Id. (internal quotation marks omitted). "To be sufficiently serious, the deprivation must be extreme—meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of harm resulting from . . . exposure to the challenged conditions." Id. (internal quotation marks omitted). To satisfy the subjective component, a plaintiff must demonstrate that prison officials acted with "deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 834. "A plaintiff establishes 'deliberate indifference" by showing that the [jail] official knew of and disregarded an excessive risk to inmate health or safety." Danser v. Stansberry, 772 F.3d 340, 347 (4th Cir. 2014) (internal quotation marks and alterations omitted). This is a "very high standard," which is not met by a showing of mere

3

negligence. Ford v. Hooks, 108 F.4th 224, 230 (4th Cir. 2024) (internal quotation marks omitted).

A pretrial detainee's claim of deliberate indifference is brought pursuant to the Due Process Clause of the Fourteenth Amendment. Hammock v. Watts, 146 F.4th 349, 360 (4th Cir. 2025). The Due Process Clause protects pretrial detainees from governmental actions that are "not rationally related to a legitimate nonpunitive purpose or that . . . appear excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015). The first element of a Fourteenth Amendment claim of deliberate indifference based on conditions of confinement is the same as the objective component of an Eighth Amendment claim. See Hammock, 146 F.4th at 360 ("[A] plaintiff must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions,' or 'a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions.'") (quoting Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)). The second element, on the other hand, is objective rather than subjective. Id. "Under the Fourteenth Amendment, . . . 'it is enough that the plaintiff show that the defendant acted or failed to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Id. (quoting Short v. Hartman, 87 F.4th 593, 608–10 (4th Cir. 2023)). As with the Eighth Amendment, however, "it is still not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Short, 87 F.4th at 612; see also Daniels v. Williams, 474 U.S. 327, 333 (1986) (holding that the protections of the Fourteenth Amendment are not "triggered by lack of due care by prison officials" or other "negligent conduct").

Farmer's complaint does not contain sufficient factual matter, accepted as true, to state a plausible claim of deliberate indifference in violation of the Eighth Amendment or the Fourteenth Amendment. As other courts have recognized, a claim based on the alleged failure to warn about a wet floor is "a garden-variety negligence claim," which is "not actionable under section 1983." Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (citing Daniels v. Williams, 474 U.S. 327 (1986)); see also Balle v. Kennedy, 73 F.4th 545, 554 (7th Cir. 2023) ("It is well established that 'slippery surfaces and shower floors in prisons, without more, cannot constitute [an unconstitutionally] hazardous condition of confinement.'") (quoting Pyles v. Fahim, 771 F.3d 403, 410 (7th Cir. 2014)); Bacon v. Carroll, 232 F. App'x 158, 159 (3d Cir. 2007) ("Bacon's allegations [that prison officials failed to warn him of the wet floor] do not reflect the deliberate indifference required to impose liability under the Eighth Amendment. Because we agree with the District Court that Bacon's claim amounts merely to negligence, his allegations regarding the wet floor are not actionable under § 1983."); Snyder v. Blankenship, 473 F. Supp. 1208, 1213 (W.D. Va. 1979) ("The mere fortuity that the accident occurred in a prison does not vest petitioner Snyder with a right to federal adjudication of what is essentially a state common law tort claim, and petitioner's allegation of a slip and fall incident makes out nothing more than a common law tort.").

To the extent Farmer seeks to hold Sheriff Hash liable under § 1983 based on his supervisory position, "[i]t is well settled that there can be no supervisory liability when there is no underlying violation of the Constitution." Phillips v. Bailey, 337 F. Supp. 2d 804, 807 (W.D. Va. 2004) (collecting cases).

## IV.    Conclusion

For these reasons, the court concludes that Farmer's complaint fails to state a claim upon which relief may be granted under § 1983. Accordingly, the court will dismiss the complaint without prejudice under 28 U.S.C. § 1915A(b)(1).* An appropriate order will be entered.

Entered: May 15, 2026

Michael F. Urbanski
U.S. District Judge
2026.05.15
16:31:24 -04'00'

Michael F. Urbanski
Senior United States District Judge

---

* To the extent Farmer intended to assert a claim of negligence under state law, the court declines to exercise supplemental jurisdiction over such claim and will dismiss it without prejudice. See 28 U.S.C. § 1367(c)(3) (permitting a district court to decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction").